UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

CRYSTAL DIETZE,

    Plaintiff,

vs.

WALT DISNEY PARKS AND
RESORTS U.S., INC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, CRYSTAL DIETZE ("Ms. Dietze" or "Plaintiff") files suit against the Defendant, WALT DISNEY PARKS & RESORTS, US, a Florida Profit Corporation ("Disney" or "Defendant"), and alleges as follows:

1. Plaintiff brings these claims for disability discrimination against Defendant for its unlawful termination of Plaintiff based upon her disability, or "perceived disability," in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## JURISDICTION

2. The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq.* The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's ADA claim that it forms part of the same case or controversy. Specifically, Plaintiff was discriminated against and treated differently than other employees solely because of her disability, and/or "perceived disability."

## VENUE

3. Venue is proper because Defendant conducts substantial business in Orange County, Florida, and Plaintiff worked for Defendant in Orange County, Florida, where the actions at issue took place.

## PARTIES

4. At all times material, Plaintiff was a resident of Osceola County, Florida.

5. Plaintiff is protected by the ADA and FCRA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

6. Defendant was at all material times an "employer" as envisioned by the ADA as well as §760.02(7), FLA. STAT.

## CONDITIONS PRECEDENT

7. Plaintiff, on or about January 18, 2021, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant.

8. On or around December 5, 2022, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within ninety (90) days of her receipt of same.

9. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

10. Plaintiff timely files this action within the applicable period of limitations against Defendant.

11. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

12. Ms. Dietze worked full-time for Disney as a Front Desk Concierge at Disney's Old Key West Resort in Kissimmee, Florida, from March 3, 2020, until August 22, 2020.

13. In June and July of 2020, Disney began deploying Ms. Dietze to areas and properties with which she was not familiar, where she had not worked before, and

which she often had difficulty finding at all.

14. Disney's orders caused a flare-up of Ms. Dietze's pre-existing, ongoing disability, anxiety and panic.

15. In July of 2020, Ms. Dietze discussed this with her Disney Manager, and requested that she be allowed to work at her home location, the Old Key West Resort, as a reasonable and non-burdensome accommodation for her disability.

16. In response, Ms. Dietze's Disney Manager told her to get a Disney Medical Accommodation Request form filled out by her treating physician, and submit it to Disney.

17. On August 10, 2020, Ms. Dietze received the completed form from her treating physician, Christina Medrano, M.D.

18. A day or so late, Ms. Dietze submitted the completed Accommodation Request form to Disney.

19. Ms. Dietze's Manager promised to accommodate Ms. Dietze to the extent possible.

20. However, very shortly thereafter, on August 22, 2020, a different Manager pulled Ms. Dietze into the office and informed her that Disney had decided to terminate her employment, effective immediately.

21. Disney alleged "non-flexibility" and "job performance" as purported "reasons" for taking this extreme adverse employment action against Ms. Dietze.

22.  In reality, Disney terminated Ms. Dietze's employment because she suffered a disability and requested modest, reasonable, non-burdensome accommodation for same.

23.  Disney's purported "reasons" for terminating Ms. Dietze's employment are pure pretext.

24.  Disney also falsely claimed that Ms. Dietze was somehow in her ninety (90) day probationary period when it terminated Ms. Dietze's employment: she was not.

25.  Disney's actions unquestionably constitute disability discrimination in violation of the ADA and FCRA.  *See, e.g., Robinson v. RockTenn CP, LLC*, 986 F.Supp.2d 1287, 1306-07 (N.D. Ala. 2013) ("Discrimination under the ADA includes terminating an individual because of her disability").

26.  Despite the availability of reasonable accommodation under the ADA and FCRA, and despite the fact that Ms. Dietze would not have been (and had not been) prevented by her disability to any appreciable degree in performing her Front Desk Concierge duties, DE discriminated against Ms. Dietze based solely upon her disability.

27.  Ms. Dietze is an individual who, with the very non-burdensome reasonable accommodation of being allowed to work at her home location, was fully capable of performing the essential functions of her job.  *See* Fla. Stat. § 760.01, *et*

*seq.*; *see also Smith v. Avatar Prop., Inc.*, 714 So.2d 1103, 1106-07 (Fla. 5th DCA 1998) (explaining that "[i]f a qualified individual with a **disability** could perform the essential functions of the job with reasonable accommodation, then the employer is required to provide the accommodation unless doing so would be an undue hardship for the employer," and that "[r]easonable accommodation may include, but is not limited to such ameliorations as: additional unpaid leave, job restructuring, part-time or modified work schedules, or even reassignment to a vacant position.").

28. The modest, non-burdensome accommodation of being permitted to continue to work where she had been hired to work could have allowed Ms. Dietze to address and rebound from her disability and also enjoy equal employment opportunity under the law. See 29 C.F.R. 1630(2)(o).

29. Disney violated the ADA and the FCRA when it refused to accommodate her and when it terminated her employment because she suffered a disability. Disney's termination of Ms. Dietze's employment occurred under circumstances that raise a reasonable inference that her disability was a determining factor in the decision. *See Stansberry v. Air Wisc. Airlines Corp.*, 651 F.3d 482, 487 (6th Cir. 2011).

30. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE ADA

31. Plaintiff realleges and adopts the allegations contained in paragraphs 1-30 as if fully set forth in this Count.

32. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

33. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

34. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

35. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

36. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

37. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

38. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

39. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

40. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

41. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

42. Provide any additional relief that this Court deems just and appropriate.

## COUNT II
## DISABILITY DISCRIMINATION UNDER THE FCRA

43. Plaintiff realleges and adopts the allegations contained in paragraphs 1-30 as if fully set forth in this Count.

44. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

45. The discrimination to which Plaintiff was subjected was based on her disability or "perceived disability."

46. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

47. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

48. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

49. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

50. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

51. Requiring that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

52. Grant Plaintiff a judgment against Defendant for damages, including

punitive damages;

53. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

54. Provide any additional relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 27th day of February, 2023.

        Respectfully submitted,

        */s Noah E. Storch*
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        Email: noah@floridaovertimelawyer.com
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771

        *Attorneys for Plaintiff*